UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENIOR LIVING PROPERTIES LLC TRUST, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:04-CV-0816-G |
| CLAIR ODELL INSURANCE AGENCY LLC d/b/a CLAIR ODELL GROUP, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants, Clair Odell Insurance Agency,

LLC d/b/a Clair Odell Group and Mellon Insurance Agency ("COG"), for summary

judgment on the claims asserted against them by the plaintiff, Senior Living

Properties, L.L.C. Trust ("SLP Trust").  For the reasons given below, COG's motion

for summary judgment is granted in part and denied in part.

## I.  BACKGROUND

In February 1998, Senior Living Properties, L.L.C. ("SLP") acquired seventy-

three long term care facilities located in Texas and Illinois.  Plaintiff's Original

Complaint ("Complaint") ¶¶ 7-8.  Following the acquisition of the facilities, SLP

entered into a twenty year management agreement with Complete Care Services, L.P.

("CCS"), under which CCS was to provide day-to-day management of the facilities.

*Id*. ¶ 8.  CCS was authorized by the agreement to obtain insurance for the facilities.

*Id*. ¶ 9; Defendant Clair Odell Group's Memorandum of Law in Support of its

Motion for Summary Judgment ("Motion for Summary Judgment") at 3.  CCS

turned to COG, an insurance broker, to obtain insurance quotes for the facilities.

Complaint ¶ 9; Motion for Summary Judgment at 3.  COG was successful in

obtaining insurance policies for SLP.  Motion for Summary Judgment at 3.

   In February 2000, SLP's insurers filed lawsuits in Pennsylvania and Texas

seeking rescission of the insurance polices.  Complaint ¶ 11, Motion for Summary

Judgment at 3-4.  These rescission actions played a role in SLP's decision to

voluntarily file for relief under Chapter 11 of the Bankruptcy Code on May 14, 2002.

Complaint ¶¶ 11, 12.  SLP Trust was created as a result of the bankruptcy.

Complaint ¶ 1.

   SLP Trust alleges that misrepresentations of COG, and others, caused the

insurers' rescission actions and ultimately damaged SLP.  *See* Complaint ¶¶ 11, 22.

SLP Trust filed the instant action on April 16, 2004, alleging the following causes of

action against COG:  (1) breach of contract; (2) breach of fiduciary duty; (3) breach

of duty of good faith and fair dealing; (4) violation of Texas' and Pennsylvania's Insurance Codes.  Complaint ¶¶ 18-37.

COG filed the instant motion for summary judgment on March 1, 2005. Motion for Summary Judgment at 1.  On March 28, 2005, SLP Trust filed its response to the motion for summary judgment.  Plaintiff's Response to Defendants' Motion for Summary Judgment ("Response") at 1.  No reply has been filed.

II.  ANALYSIS

A.  Evidentiary Burdens on Summary Judgment

Summary judgment is proper when the pleadings and evidence before the court show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).[1]  The movant makes such a showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  The pleadings,

---

[1]       The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive."  *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  FED. R. CIV. P. 56(c).

Once the movant makes this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323-24.  To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).  Instead, the nonmovant must show that the evidence is sufficient to support a resolution of the factual issue in its favor.  *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the nonmovant, *id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's summary judgment burden.  *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (citing *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).  Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to its case and as to which it will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.

B.  Applicable Law

"A federal court must follow the choice-of-law rules of the state in which it sits." *St. Paul Mercury Insurance Company v. Lexington Insurance Company*, 78 F.3d 202, 205 (5th Cir. 1996).  "Under Texas choice-of-law rules, disputes are governed by the law of the state with 'the most significant relationship to the particular substantive issue.'"  *Id.* (citing *Atlantic Mutual Insurance Company v. Truck Insurance Exchange*, 797 F.2d 1288, 1291 (5th Cir. 1986)).  However, if the court's decision on the substantive issue at hand would be the same under either state's law, no real conflict exists and a choice-of-law analysis is not necessary.  *Vandeventer v. All American Life & Casualty Company*, 101 S.W.3d 703, 712 (Tex. App.--Fort Worth 2003, no pet. h.).

In its motion, COG asserts that, regardless of whether Texas or Pennsylvania law applies, its arguments in favor of summary judgment should prevail on the claims of breach of contract, breach of fiduciary duty, and breach of the duty of good faith and fair dealing.  Motion for Summary Judgment at 8-14.  While SLP Trust cites only Texas law in its response, it does not contend that Pennsylvania substantive law should not apply.  *See generally* Response.  Neither party expressly argues for or against the application of either state's substantive law to the relevant causes of action.  As discussed below, there is little difference between the law of the two states with respect to the causes of action at issue, and the court's decision on these issues would not differ, regardless of which state's law is applied.  Accordingly, the court

need not undertake a choice-of-law analysis prior to deciding COG's motion for summary judgment.

### C.  COG's Grounds for Summary Judgment

#### 1.  *Timeliness of SLP Trust's Claims*

COG asserts that the breach of contract and breach of fiduciary duty claims are barred by the statute of limitations.  Motion for Summary Judgment at 10, 12-13. According to COG, SLP was put on notice of any potential breach of contract or breach of fiduciary duty in February, 2000, when the first insurer filed a rescission action.  *Id.* at 10.  It is the insurers' rescission actions, COG argues, which form the basis of SLP Trust's claims.  *Id.*; Complaint ¶ 19.  Thus, COG asserts, the statute of limitations began to run in February, 2000.  In Texas, the statute of limitations for breach of contract and breach of fiduciary duty claims is four years.[2]  TEX. CIV. PRAC. & REM. CODE §§ 16.004(a), 16.051.  See *Kansa Reinsurance Company, Ltd. v. Congressional Mortgage Corporation of Texas*, 20 F.3d 1362, 1369 (5th Cir. 1994).  Thus, utilizing the date COG asserts SLP was first put on notice, SLP would have ordinarily been required to file its action no later than February, 2004.

---

[2]      "A federal court entertaining a diversity action is required to apply the same statute of limitation that the forum state would apply.  As a general principle, where the substantive law of another state is to be used, Texas courts will apply their own state's statute of limitation."  *Hines v. Tenneco Chemicals, Inc.*, 546 F. Supp. 1229, 1232 (S.D. Tex. 1982) (citations omitted), *aff'd*, 728 F.2d 729 (5th Cir. 1984); see also *Guaranty Trust Company of New York v. York*, 326 U.S. 99, 110 (1945); *Adams v. Gates Learjet Corporation*, 711 F. Supp. 1377, 1379 (N.D. Tex. 1989).  Thus, Texas' statute of limitations applies to SLP Trust's claims.

However, the filing of a bankruptcy petition triggers an extension of any limitations period on all non-bankruptcy actions. *See* 11 U.S.C. § 108.  As stated above, SLP Trust is the successor in interest of the debtor SLP.  Section 108 of the bankruptcy code provides, in relevant part:

> (a)  If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of--
>
> > (1)  the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> >
> > (2)  two years after the order for relief.

11 U.S.C. § 108.  An order for relief is deemed entered upon the commencement of a voluntary bankruptcy proceeding.  11 U.S.C. § 301.

SLP filed for bankruptcy on May 14, 2002.  Complaint ¶ 12; Response at 15. Accordingly, the limitations period for SLP Trust -- as the successor to the debtor SLP's claims -- to bring suit ends the later of February, 2004 (using COG's proffered start date) or May 14, 2004 (two years from the order of relief, or voluntary commencement).  This action was filed on April 16, 2004, approximately one month before the limitations period expired.  For this reason, COG's motion for summary judgment based upon its statute of limitations defense must be denied.

2.  *Breach of Contract Claim*

Under Texas law, a breach of contract claim requires: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages to the plaintiff resulting from the defendant's breach.[3] *Kay v. North Texas Rod & Custom*, 109 S.W.3d 924, 927 (Tex. App.--Dallas 2003, no pet. h.). To meet the first requirement -- the existence of a valid contract -- five elements must be present: (1) an offer; (2) an acceptance in strict compliance with the terms of that offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding.[4] *Coffel v. Stryker Corporation*, 284 F.3d 625, 640 n.17 (5th Cir. 2002).

In its motion, COG asserts that summary judgment should be granted on SLP's breach of contract claim because no contract exists between COG and SLP. Motion for Summary Judgment at 7-9. COG asserts that SLP Trust misrepresented SLP's relationship with COG in its complaint because there was and is no contract. *Id.* In response, SLP Trust argues that a valid contract exists between the two parties. Response at 2. Specifically, SLP Trust directs the court to the Insurance Program as

---

[3]    "Under Pennsylvania law, a claim for breach of contract must allege the following three elements: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Gilmour v. Bohmueller*, No. Civ. A. 04-2535, 2005 WL 241181 at *9 (E.D. Pa. Jan. 27, 2005).

[4]    "An enforceable contract exists [under Pennsylvania law,] where the parties reached a mutual agreement, exchanged consideration, and set forth the terms of their bargain with sufficient clarity." *Gilmour*, 2005 WL 241181 at *9.

the express contract between SLP and COG.  *Id*.; Insurance Program, Appendix for Plaintiff's Response to Defendants' Motion for Summary Judgment ("SLP's Appendix") at 19-96.

The Insurance Program was prepared by COG for SLP, and was accepted by Michael L. Smith, a representative of SLP.  Insurance Program, SLP's Appendix at 19, 92.  The Insurance Program specified the insurance policies that COG would procure for SLP, and it provides a summary of the premium payments SLP would pay for all of the policies.  *Id.* at 23-85.  Finally, the signature page at the end of the Insurance Program provides that "[t]his proposal, which provides a general description of the coverages, conditions, premiums, fees, and other charges of the policies outlined, has been reviewed and accepted by [SLP]."  *Id.* at 92.

Viewed in the light most favorable to SLP Trust, there is sufficient evidence in the record -- namely the Insurance Program -- to support a finding, under either Texas or Pennsylvania law, that a valid contract existed between SLP and COG.  The Insurance Program, viewed in the light most favorable to SLP Trust, evinces an offer, acceptance, meeting of the minds, promises to perform and pay, and execution and delivery of the agreement.  Accordingly, COG's motion for summary judgment on the breach of contract claim must be denied.

3.  *Breach of Fiduciary Duty*

To establish a breach of fiduciary duty, SLP Trust must first demonstrate that there was a fiduciary relationship between SLP and COG. Two types of fiduciary relationships are recognized in Texas and Pennsylvania: formal fiduciary relationships and informal fiduciary relationships. A formal fiduciary relationship arises as a matter of law, for example, between an attorney and a client, a principal and an agent, or between partners or joint venturers. See *Imperial Premium Finance, Inc. v. Khoury*, 129 F.3d 347, 353 (5th Cir. 1997); *Basile v. H & R Block, Inc.*, 777 A.2d 95, 102 (Pa. Super. 2001); *Crim Truck & Tractor Co. v. Navistar International Transportation Corporation*, 823 S.W.2d 591, 593-94 (Tex. 1992); *Kardell v. Union Bankers Insurance Company*, No. 05-01-00662-CV, 2002 WL 1809867, at *6 (Tex. App.--Dallas Aug. 8, 2002, no pet.) (not designated for publication). Under Texas law, an informal fiduciary relationship, also known as a confidential relationship, arises from a moral, social, domestic, or merely personal relationship that exists prior to and apart from the agreement on which the suit is based. *Schlumberger Technology Corporation v. Swanson*, 959 S.W.2d 171, 176-77 (Tex. 1997). Under Pennsylvania law, a confidential relationship exists "where one person has reposed a special confidence in another to the extent that the parties do not deal with each other on equal terms, either because of an overmastering dominance on one side, or weakness, dependence or justifiable trust on the other." *Heller v. Deutsche Bank AG*, No. Civ A. 04-CV-3571, 2005 WL 525401 at *9 (E.D. Pa. Mar. 3, 2005) (internal citation omitted).

- 10 -

COG argues that it owed no fiduciary duty to SLP because there is no "special or confidential relationship between SLP and COG."  Motion for Summary Judgment at 11-12.  In its response, SLP asserts that a formal fiduciary relationship existed between COG and SLP.  Response at 8-9.  Alternatively, SLP Trust argues, there is a confidential relationship between the parties, which gave rise to a fiduciary duty.  *Id.* at 9-10.

SLP Trust has directed the court to portions of the deposition testimony of Frank Svitek, President of COG.  *Id.* at 9.  In his deposition, Svitek testified that COG was a retail insurance broker and SLP was COG's client.  Deposition of Frank D. Svitek ("Svitek Deposition") at 60, lines 8-12, SLP's Appendix at 107.  Furthermore, Svitek indicated that COG became the insurance broker of record for SLP in the third or fourth quarter of 1997.  Svitek Deposition at 71, lines 17-22, SLP's Appendix at 108.  Svitek also confirmed that COG was acting as SLP's exclusive agent or broker of record.  Svitek Deposition at 91-92, lines 21-25, 1-4, SLP's Appendix at 109.

Svitek's deposition is sufficient evidence for a trier of fact to find an agency relationship between COG and SLP.  SLP Trust correctly states that "[i]nherent in any agency relationship is the fiduciary duty owed by the agent to his principal."  Response at 9 (citing *Hartford Casualty Insurance Company v. Walker County Agency, Inc.*, 808 S.W.2d 681, 687 (Tex. App.--Corpus Christi 1991, no writ)); see also

*Garbish v. Malvern Federal Savings and Loan Association*, 517 A.2d 547, 553-54 (Pa. Super. 1986).  Accordingly, because there is a genuine issue of material fact regarding a formal fiduciary relationship between COG and SLP, summary judgment on the breach of fiduciary duty claim must be denied.

### 4.  *Breach of Duty of Good Faith and Fair Dealing*

COG asserts that the nonexistence of a valid contract or a fiduciary relationship between COG and SLP necessitates summary judgment on SLP Trust's breach of duty of good faith and fair dealing claim as well.  Motion for Summary Judgment at 13-14.  The basis of COG's motion on the instant claim turns on the success of its arguments for summary judgment on the breach of contract and breach of fiduciary duty claims.  The court, having determined that genuine issues of material fact exist regarding the existence of a contract and a formal fiduciary relationship, concludes that summary judgment on this claim must also be denied.

### 5.  *Texas Insurance Code Claims*

In its motion for summary judgment, COG argues that the Texas Insurance Code claims are "a red herring because all of the insurance communications between CCS and COG in this case occurred in Horsham, Pennsylvania (CCS' offices) and Plymouth Meeting, Pennsylvania (COG's offices)."  Motion for Summary Judgment at 15.  Thus, according to COG, "Texas' Insurance Code is not applicable."  *Id.*

- 12 -

SLP Trust asserts that summary judgment on this claim should be denied for three reasons:

> (1)  COG failed to meet its summary judgment burden of showing the absence of a genuine issue of material fact;
>
> (2)  the fact that COG and its principal Mr. Svitek are authorized agents in the State of Texas confirms that application of the Texas Insurance Code to COG's actions is appropriate; and
>
> (3)  SLP can affirmatively show that COG "engage[d] in this state" in unfair trade practices as defined in article 21.21 of the Texas Insurance Code.

Response at 11-12.

According to SLP Trust, COG has neither "inform[ed] the Court of the basis of its motion nor identifie[d] the portions of the record which reveal there are no genuine material fact issues."  Response at 12 (citing *Celotex*, 477 U.S. at 323).  The court agrees, in part, with SLP Trust.  While COG has informed the court of the basis of its summary judgment argument -- that no communications between the parties occurred in Texas -- COG has failed to identify any portion of the record to substantiate its claim or to support its contention that no genuine issue of material fact exists with regard to the Texas Insurance Code claim.  The nonmovant is not required to establish the existence of a genuine issue of material fact until the movant has informed the court of the basis of its argument *and* identified portions of the record revealing no issue of material fact.  *Celotex*, 477 U.S. at 323-24.  In this

- 13 -

instance, COG as the movant has not met its burden, and its motion for summary judgment on this ground is accordingly denied.

6. *Claims under the Pennsylvania Unfair Insurance Practices Act*

SLP Trust has also asserted a claim against COG under the Pennsylvania Unfair Insurance Practices Act (the "UIPA").  Complaint at 7.  COG argues that summary judgment should be granted on this claim because the UIPA does not authorize private rights of action.  Motion for Summary Judgment at 15.  In its response, SLP Trust -- conceding that the UIPA does not provide for private rights of action -- withdraws its claim made under the Pennsylvania statute.  Response at 14. Accordingly, COG's motion for summary judgment on this claim is granted.

## III.  CONCLUSION

For the reasons given above, COG's motion for summary judgment is **GRANTED** in part and **DENIED** in part.  Specifically, summary judgment is **GRANTED** only on SLP Trust's claim under the Pennsylvania Insurance Code.  In all other respects, COG's motion for summary judgment is **DENIED**.

**SO ORDERED**.

June 7, 2005.

_____
A. JOE FISH
CHIEF JUDGE