IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SENIOR LIVING PROPERTIES LLC TRUST,<br>    Plaintiff,<br><br>V.<br><br>CLAIR ODELL INSURANCE AGENCY LLC, et al.,<br>    Defendants. | )<br>)<br>)<br>)  Civil No. 3:04-CV-00816-G<br>)<br>)<br>)<br>)<br>) |

## ORDER

The Court has considered the parties' pleadings with respect to the pending motions. Senior Living Properties, LLC Trust (SLP Trust) filed a motion to compel on August 31, 2005, seeking an order requiring Defendant Clair Odell Insurance Agency, LLC d/b/a Clair Odell Group and Mellon Insurance Agency, Inc. (collectively "COG") to fully respond without objection to SLP Trust's discovery requests. SLP Trust claims that they served three separate sets of written discovery upon COG, to which COG offered boilerplate and frivolous objections.

The Court finds that documents should have been produced in response to the original requests. The discovery pleadings and correspondence in question were sent to SLP Trust by COG's predecessor counsel, whose disqualification Chief United States District Judge Joe A. Fish ordered in May, 2005. COG's current counsel acknowledges that certain objections and responses were incomplete when they were made and represents that he has worked diligently to supplement the incomplete responses by providing responsive documents to SLP Trust.

It is now less than one week before trial.  The Court finds that COG has now substantially complied with the discovery requests, or is in the process of complying, and that its remaining objections to the discovery requests are sustained.  For these reasons, SLP Trust's Motion to Compel, filed August 31, 2005, is Denied.  Nevertheless, the Court admonishes COG to comply diligently with its continuing duty to supplement its discovery answers.

The Court will now consider SLP Trust's Motion for Expedited Consideration of its Motion for Discovery Sanctions, as well as COG's Motion to Continue the Hearing.  The Court finds that the responses provided are sufficient for the Court to rule on the motion for sanctions and that further delay would simply distract from trial preparation.  Accordingly, COG's Motion to Continue the Hearing, filed September 28, 2005, is Denied.  SLP Trust's Motion for Expedited Consideration of its Motion for Discovery Sanctions, filed September 14, 2005, is Granted.

The Court next addresses SLP Trust's Motion for Discovery Sanctions.  As the Court previously noted, COG's predecessor counsel did not produce documents that should have been produced and not provide proper responses to the discovery requests.  COG's thorough compliance with the original requests for production would have yielded the additional discovery.  The Court finds, however, that COG did not act in bad faith.  When the errors in production were discovered, present counsel for COG substantially complied with the discovery requests.

SLP Trust is entitled to reasonable costs and attorney fees incurred because of COG's failure to produce the discovery when it was requested.  However, SLP Trust's counsel would have been required to review the documents regardless of when they were produced.

SLP Trust's counsel was required, however, to duplicate its efforts to determine what was new discovery and what had been provided previously.  Therefore, SLP Trust's Motion for Sanctions, filed September 14, 2005, is Granted in Part and Denied in Part.  The Court orders COG to pay SLP Trust the travel costs for the two attorneys, as well as fifty percent of the requested attorney fees for a total of $22,195.62.  The Court denies SLP Trust's other requests for sanctions.

      It is so ORDERED, September 29, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE